UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 8:25-cv-01307-MRA-JDE | Date | October 21, 2025 |
| Title | *Ameris Bank v. Magic Trans LLC et al.* | | |

| | |
|---|---|
| Present: The Honorable | MONICA RAMIREZ ALMADANI, UNITED STATES DISTRICT JUDGE |

| Melissa H. Kunig | None Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [15]**

Before the Court is Plaintiff's Motion for Default Judgment. ECF 15. No opposition to the Motion has been filed. The Court read and considered the moving papers and heard argument on October 20, 2025. For the reasons stated herein, the Court **GRANTS** the Motion.

## I.   BACKGROUND[1]

On June 17, 2025, Plaintiff Ameris Bank ("Plaintiff") filed a complaint for breach of contract and breach of guaranty against Defendants Magic Trans LLC ("Magic Trans") and Victor Mardari ("Mardari") (collectively, "Defendants"). ECF 1. Neither Magic Trans nor Madari has answered or otherwise made an appearance in this action.

Plaintiff's Complaint alleges, *inter alia*, that it entered into three separate Equipment Financing Agreements ("EFA") with Magic Trans.

### A.   EFA No. 1

Plaintiff and Magic Trans entered EFA No. 1 on July 19, 2021, under which Plaintiff loaned to Magic Trans $168,905.25 to finance certain equipment for its business. ECF 15-1 ¶ 3; ECF 15-2 at 2. EFA No. 1 required Magic Trans to make 72 monthly payments of $3,150, beginning on September 25, 2021. ECF 15-1 ¶ 3. Concurrently with the execution of EFA No. 1, Mardari personally guaranteed the payment of then-existing and future indebtedness due and owed by

---

[1] The factual background is described as alleged in Plaintiff's Complaint and exhibits attached to the Complaint. *See Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." (citations omitted)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:25-cv-01307-MRA-JDE | Date | October 21, 2025 |
|---|---|---|---|
| Title | *Ameris Bank v. Magic Trans LLC et al.* | | |

Magic Trans to Plaintiff under the terms of EFA No. 1 ("Guaranty No. 1"). *Id.* ¶ 4; ECF 15-2 at 8. The last payment Plaintiff received from Magic Trans pursuant to EFA No. 1 was credited toward the monthly payment due on December 25, 2025. ECF 15-1 ¶ 5; ECF 15-2 at 10. Magic Trans and Mardari failed to make subsequent monthly payments, thereby defaulting on EFA No. 1. ECF 15-1 ¶ 5. At the time of the default, Magic Trans owed an additional 31 payments totaling $97,650.00. *Id.* ¶ 6. Defendants then made two additional monthly payments, which were applied to the months of January and February 2025, thus reducing the balance owed to $91,350.00. *Id.* ¶ 7. Defendants have since failed to make further payments despite Plaintiff's demands. *Id.* ¶¶ 7, 9.

    **B.**    **EFA No. 2**

Plaintiff and Magic Trans entered EFA No. 2 on April 4, 2022, under which Plaintiff loaned to Magic Trans $97,875.00 to finance certain equipment for its business. ECF 15-1 ¶ 10; ECF 15-2 at 12. EFA No. 1 required Magic Trans to make 60 monthly payments of $2,310.50, beginning on May 11, 2022. ECF 15-1 ¶ 12. Concurrently with the execution of EFA No. 2, Mardari personally guaranteed the payment of then-existing and future indebtedness due and owed by Magic Trans to Plaintiff under the terms of EFA No. 2 ("Guaranty No. 2"). *Id.* ¶ 11; ECF 15-2 at 17. The last payment Plaintiff received from Magic Trans pursuant to EFA No. 2 was credited toward the monthly payment due on February 11, 2025. ECF 15-1 ¶ 12; ECF 15-2 at 19. Magic Trans and Mardari failed to make subsequent monthly payments, thereby defaulting on EFA No. 2. ECF 15-1 ¶¶ 12, 13. At the time of the default, Magic Trans owed an additional 27 payments totaling $62,383.50. *Id.* ¶ 13. Defendants have since failed to make further payments despite Plaintiff's demands. *Id.* ¶¶ 13, 15.

    **C.**    **EFA No. 3**

Plaintiff and Magic Trans entered EFA No. 3 on May 3, 2022, under which Plaintiff loaned to Magic Trans $58,095.00 to finance certain equipment for its business. ECF 15-1 ¶ 16; ECF 15-2 at 21. EFA No. 3 required Magic Trans to make 60 monthly payments of $1,380.55, beginning on June 14, 2022. ECF 15-1 ¶ 12. Concurrently with the execution of EFA No. 3, Mardari personally guaranteed the payment of then-existing and future indebtedness due and owed by Magic Trans to Plaintiff under the terms of EFA No. 3 ("Guaranty No. 3"). *Id.* ¶ 17; ECF 15-2 at 26. The last payment Plaintiff received from Magic Trans pursuant to EFA No. 3 was credited toward the monthly payment due on June 14, 2025. ECF 15-1 ¶ 18; ECF 15-2 at 28. Magic Trans and Mardari then failed to make subsequent monthly payments, thereby defaulting on EFA No. 3. ECF 15-1 ¶ 18. At the time of the default, Magic Trans owed an additional 24 payments totaling $33.133.20. *Id.* ¶ 19. Defendants have since failed to make

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:25-cv-01307-MRA-JDE | Date | October 21, 2025 |
|---|---|---|---|
| Title | *Ameris Bank v. Magic Trans LLC et al.* | | |

further payments despite Plaintiff's demands. *Id.* ¶¶ 18, 21.

### D. Procedural History

Plaintiff initiated this action against Defendants on June 17, 2025. Plaintiff asserts claims for breach of contract against Magic Trans as to each EFA, and claims for breach of guaranty against Mardari as to each Guaranty. *See* ECF 1.

The Clerk entered default against Defendants on August 5, 2025. ECF 13. Plaintiff filed the instant Motion on August 26, 2025, seeking default judgment in the amount of $209,413.65. ECF 15 at 12. That amount includes the unpaid balance of each EFA plus prejudgment interest and attorneys' fees.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 55(b), the Court may, upon motion, order default judgment following the entry of default by the Clerk. The entry of default judgment is committed to the discretion of the district court. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). "[D]efault judgments are ordinarily disfavored," and "[c]ases should be decided upon their merits whenever reasonably possible." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 616 (9th Cir. 2016) (quoting *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986)). The Local Rules require that the application for default judgment be accompanied by a declaration in compliance with Rule 55(b) that includes the following information:

> (a) when and against what party the default was entered; (b) the identification of the pleading to which default was entered; (c) whether the defaulting party is an infant or incompetent person; (d) that the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply; and (e) that notice has been served on the defaulting party, if required by [Rule] 55(b)(2).

L.R. 55-1.

"When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999); *see also Timbuktu Educ. v. Alkaraween Islamic Bookstore*, No. C 06-03025 JSW, 2007 WL 1544790, at *2 (N.D. Cal. May 25, 2007). Once the district court confirms its jurisdiction over the subject matter and the parties, the Ninth Circuit has instructed courts to consider the following factors in deciding whether to enter default judgment:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:25-cv-01307-MRA-JDE | Date | October 21, 2025 |
|---|---|---|---|
| Title | *Ameris Bank v. Magic Trans LLC et al.* | | |

(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471–72. Lastly, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c); *see also Fong v. United States*, 300 F.2d 400, 413 (9th Cir. 1962); *Elektra Ent. Grp. Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005).

## III. DISCUSSION

### A. Procedural Requirements

#### 1. *Local Rule 55-1*

The Motion and supporting materials state: (a) default was entered against Defendants on August 5, 2025; (b) default was entered by a clerk of the court on the operative Complaint; (c) Defendants are believed not to be minors or incompetent persons; and (d) the Servicemembers Civil Relief Act does not apply to this action. ECF 15-3 ¶¶ 3–4. Although not required by Federal Rule of Civil Procedure 55(b)(2) because Defendants have not appeared in this action, Plaintiff served the instant Motion on Defendants by United States mail. *Id.* ¶ 15. Accordingly, the Court finds that Plaintiff has met the procedural requirements of Local Rule 55-1.

#### 2. *Adequacy of Service*

"Generally, the Court considers the adequacy of service of process before evaluating the merits of a motion for default judgment." *Heredia v. MTK Glob. Sports Mgmt., LLC*, No. 5:20-CV-02618-JWH-SSC, 2024 WL 3740104, at *3 (C.D. Cal. July 12, 2024). This inquiry is necessary because the Court lacks "personal jurisdiction over a defendant unless the defendant has been served in accordance with [Rule 4 of the Federal Rules of Civil Procedure]." *Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir. 2009) (quoting *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986)).

The Court concludes that Defendants were properly served with the summons and the operative pleadings. According to Plaintiff's proofs of service, Mardari was personally served in the state of Washington, ECF 10, and Magic Trans was served through personal service on Mardari, its registered agent for service of process, ECF 9. *See* Fed. R. Civ. Pro. 4(e)(2)(A); *id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:25-cv-01307-MRA-JDE | Date | October 21, 2025 |
|---|---|---|---|
| Title | *Ameris Bank v. Magic Trans LLC et al.* | | |

4(h)(1)(B).

### 3. *Personal Jurisdiction*

The Court also finds that it may exercise personal jurisdiction over Defendants under the terms of the EFAs and Guaranties. In each EFA, Magic Trans agreed to "submit[] to the jurisdiction of California and agree[d] that any action or proceeding to enforce this Agreement, or any action or proceeding arising out of or related to this Agreement will be exclusively commenced, initiated and litigated in [California." *See, e.g.*, ECF 15-2 at 6. Mardari similarly consented to jurisdiction in the state of California when executing each Guaranty. *Id.* at 8. Each of Plaintiff's causes of action arises out of these agreements containing these provisions. Thus, the Court concludes that Defendants consented to personal jurisdiction in California. *See Ameris Bank v. Key's Trucking, LLC*, No. 8:24-CV-00652-FWS-ADS, 2024 WL 4720935, at *2 (C.D. Cal. Sept. 3, 2024) (concluding defendants consented to personal jurisdiction by signing contractual agreements providing for jurisdiction in California); *APL Co. Pte v. TDR Logistics Inc.*, No. 2:20-CV-05999-SB-PD, 2022 WL 16859590, at *1 (C.D. Cal. Apr. 26, 2022) (same).

### 4. *Subject Matter Jurisdiction*

The Court is also satisfied that Plaintiff has sufficiently established subject matter jurisdiction under 28 U.S.C. § 1332. Plaintiff is a California corporation with its principal place of business of California, and it operates as a division of a Georgia state-charted banking corporation. ECF 1 ¶ 1. Mardari, an individual, is a citizen of the state of Washington, according to Plaintiff's investigation. ECF 15-3 ¶ 13. Magic Trans is an Indiana limited liability company, and according to Plaintiff's investigation, Mardari is its only member. *Id.* ¶ 13; ECF 15-4 at 13. Thus, complete diversity exists between Plaintiff and Defendants. Moreover, Plaintiff seeks damages in excess of $75,000. ECF 1 ¶ at 13–14. The Court therefore finds that Plaintiff has established diversity jurisdiction.

### B. **Substantive Requirements**

Plaintiff argues that the *Eitel* factors weigh in favor of entering default judgment. The Court considers each factor in turn.

### 1. *Possibility of Prejudice to Plaintiff*

The first factor "considers whether the plaintiff will suffer prejudice if default judgment is not entered." *PepsiCo*, 238 F. Supp. 2d at 1177. Plaintiff argues absent default judgment, it will suffer significant loss due to no fault of its own, and no other recourse will be available to recover

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:25-cv-01307-MRA-JDE | Date | October 21, 2025 |
|---|---|---|---|
| Title | *Ameris Bank v. Magic Trans LLC et al.* | | |

the funds owed by Defendants. ECF 15 at 14. The Court agrees that, considering Defendants' unwillingness to answer or appear in this action, Plaintiff would be without recourse if default judgment is denied. *Key's Trucking, LLC*, 2024 WL 4720935, at *3; *see also BR N. 223, LLC v. Glieberman*, No. 1:10-CV-02153 LJO, 2012 WL 639500, at *4 (E.D. Cal. Feb. 27, 2012) (determining plaintiff would suffer prejudice absent default judgment because defendant "has not responded to the complaint and has not performed on the loan obligations").

### 2. Merits of Plaintiff's Substantive Claims and Sufficiency of Complaint

The second and third *Eitel* factors—the merits of plaintiff's substantive claims and the sufficiency of the complaint—are "often analyzed together." *Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1038, 1048 (N.D. Cal. 2010). These factors require that a plaintiff's allegations in its complaint "state a claim on which the [plaintiff] may recover." *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). In this case, Plaintiff states the following causes of action: (1) breach of EFA No. 1 against Magic Trans, (2) breach of Guaranty No. 1 against Mardari, (3) breach of EFA No. 2 against Magic Trans, (4) breach of Guaranty No. 2 against Mardari, (5) breach of EFA No. 3 against Magic Trans, and (6) breach of Guaranty No. 3 against Mardari.

A plaintiff bringing a breach of contract claim must allege (1) the existence of a contract; (2) performance by the plaintiff of its obligations under the contract; (3) breach of the contract by the defendant; and (4) resulting damages proximately caused by the defendant's breach of contract. *Reichert v. Gen. Ins. Co.*, 68 Cal. 2d 822, 830 (1968). Similarly, in California, the breach of a written guaranty is a contractual cause of action that requires proof of the same elements as breach of contract. *Bank of Sierra v. Kallis*, No. 05–cv–1574–AWI–SMS, 2006 WL 3513568, at *7 (E.D. Cal. Dec.6, 2006); *Acoustics, Inc. v. Trepte Constr. Co.*, 14 Cal. App. 3d 887, 913 (1992). Under California law, an enforceable contract consists of (1) parties who are capable of contracting; (2) their consent; (3) a lawful object; and (4) a sufficient cause or consideration. *See* Cal. Civ. Code § 1550.

The Court finds that Plaintiff has adequately alleged claims for breach of the three EFAs and the three Guaranties. First, taking Plaintiff's allegations as true and reviewing the documents attached to Plaintiff's Complaint and Motion, there were valid and enforceable contracts between Plaintiff and Defendants. *See Beacon Sales Acquisition, Inc. v. S. W. Solar, Inc.*, 2022 WL 3574413, at *2 (C.D. Cal. June 7, 2022) ("Usually, a written contract can be pleaded by alleging its making and attaching a copy which is incorporated by reference."). Second, Plaintiff provided Magic Trans with the loan money for each EFA and performed its contractual obligations that were not excused. ECF 15-1 ¶¶ 8, 14, 20. Third, each EFA required Magic Trans to make monthly payments to Plaintiff, and through each Guaranty, Mardari agreed to personal guaranty

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:25-cv-01307-MRA-JDE | Date | October 21, 2025 |
|---|---|---|---|
| Title | *Ameris Bank v. Magic Trans LLC et al.* | | |

Magic Trans' obligations. ECF 15-2 at 2, 12, 21. Magic Trans breached each EFA and Mardari breached each Guaranty by failing to make those required monthly payments. ECF 15-1 ¶¶ 5–7, 23–13, 18–19. Fourth and finally, Plaintiff was damaged as a result. *Id.* ¶¶ 8, 14, 20.

The court therefore concludes the second and third *Eitel* factors favor entry of default judgment.

### 3. Sum of Money at Stake

The fourth *Eitel* factor balances "the amount of money at stake in relation to the seriousness of [d]efendant's conduct." *PepsiCo*, 238 F. Supp. 2d at 1176. "When a large sum of money is at stake in a default judgment, this factor weighs in favor of the defendant." *Millennium Films, Inc. v. Robinson*, No. 2:16-CV-04718-SVW-E, 2017 WL 8221952, at *4 (C.D. Cal. Feb. 15, 2017) (citing *Eitel*, 782 F.2d at 1472). "However, when 'the sum of money at stake is tailored to the specific misconduct of the defendant, default judgment may be appropriate'" even for significant sums. *Yelp Inc. v. Catron*, 70 F. Supp. 3d 1082, 1100 (N.D. Cal. 2014).

Here, Plaintiff seeks a total of $209,413.65, plus additional prejudgment interest that has accrued since the Motion was filed. Although this amount is not insignificant, it "arises directly from the contracts at issue and is tailored to Defendants' specific misconduct." *Key's Trucking, LLC*, 2024 WL 4720935, at *3 (citing *NewGen, LLC*, 840 F.3d at 617). "Since the relevant agreements clearly define the remedy for breach," the court finds the fourth *Eitel* factor weighs in favor of granting default judgment. *Ameris Bank v. Old Pylon Trucking, LLC,* No. SACV 23-02368-CJC (KESX), 2024 WL 2406693, at *3 (C.D. Cal. Apr. 16, 2024).

### 4. Possibility of Dispute Concerning Material Facts and Whether the Default was Due to Excusable Neglect

The fifth and sixth *Eitel* factors assess the possibility of dispute between the parties as to any material facts in the case and whether the defendant's default is the result of excusable neglect. *Eitel*, 782 F.2d at 1472. "[U]pon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes*, 559 F.2d at 560. Where "a plaintiff's complaint is well-pleaded and the defendant makes no effort to properly respond," courts have concluded that "the likelihood of disputed facts is very low." *Alpargatas USA, Inc. v. Flopstore LLC*, No. CV 21-6063-GW-PVCx, 2022 WL 1843134, at *5 (C.D. Cal. Mar. 25, 2022) (quoting *United States v. Yermian*, No. SACV 15-0820-DOC-RAO, 2016 WL 1399519, at *3 (C.D. Cal. Mar. 18, 2016)). Moreover, there is no indication that default is due to excusable neglect where the defendant "failed to appear altogether despite being served with the Complaint." *Old Pylon Trucking, LLC*, 2024 WL 2406693, at *4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:25-cv-01307-MRA-JDE | Date | October 21, 2025 |
|---|---|---|---|
| Title | *Ameris Bank v. Magic Trans LLC et al.* | | |

Plaintiff has supported its claims with evidence of the EFAs, the Guaranties, and Defendants' nonpayment. As Defendants have made no attempt to challenge the accuracy of the allegations in the Complaint, the Court is not aware of any factual disputes that preclude the entry of default judgment, and the default cannot be attributed to excusable neglect. Both *Eitel* factors weigh in favor of granting default judgment.

### 5. *Policy Favoring Decisions on the Merits*

Although "cases should be decided upon their merits whenever reasonably possible," *Eitel*, 782 F.2d at 1472, "the mere existence of [Rule] 55(b) indicates that this preference, standing alone, is not dispositive," *PepsiCo*, 238 F. Supp. 2d at 1177 (citation and quotation marks omitted). Where a defendant's failure to answer has made a judgment on the merits "impractical, if not impossible," *id.*, default judgment is appropriate. Accordingly, the Court finds this factor weighs in favor of granting default judgment.

### 6. *Conclusion on the* Eitel *Factors*

In sum, the Court finds that the *Eitel* factors, taken together, weigh in favor of entering default judgment.

## C. **Relief Sought**

In the Complaint, Plaintiff sought monetary relief consisting of the remaining balances of each EFA, plus prejudgment interest and attorneys' fees and costs, as well as orders to recover possession of the collateral secured by each EFA. ECF 1 at 13–14. Plaintiff's Motion seeks only monetary relief. ECF 15 at 27.

### 1. *Monetary Damages*

The factual allegations of the complaint relating to the amount of damages are not taken as true. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). As such, "the plaintiff is required to provide proof of all damages sought in the complaint." *PepsiCo*, 238 F. Supp. 2d. at 1175. "When 'proving-up' damages, admissible evidence (including witness testimony) supporting . . . damage calculations is usually required." *Amini Innovation Corp. v. KTY Int'l Mktg.*, 768 F. Supp. 2d 1049, 1054 (C.D. Cal. 2011).

Plaintiff seeks a total of $186,866.70 in compensatory damages, representing the total balance remaining on the three EFAs. *Id.* Plaintiff has presented evidence of the payment terms contemplated by the EFAs and Guaranties, as well as Plaintiff's records of Defendants' non-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:25-cv-01307-MRA-JDE | Date | October 21, 2025 |
|---|---|---|---|
| Title | *Ameris Bank v. Magic Trans LLC et al.* | | |

payment. *See generally* ECF 15-2. The Court finds this evidence sufficient and awards the requested amount in compensatory damages.

    **2.**    ***Pre-Judgment Interest***

Prejudgment interest is intended "to compensate for the loss of use of money due as damages from the time the claim accrues until judgment is entered." *Barnard v. Theobald*, 721 F.3d 1069, 1078 (9th Cir. 2013) (citation omitted). Such awards are "governed by considerations of fairness and are awarded when it is necessary to make the wronged party whole." *Purcell v. United States*, 1 F.3d 932, 943 (9th Cir. 1993) (citation omitted).

California law provides that prejudgment interest on a breach of contract claim begins to run from the date of injury if the damages are certain, but from no earlier than the date of the complaint if the damages are uncertain. Cal. Civ. Code § 3287. "Typically, damages are deemed certain or capable of being made certain when 'there is essentially no dispute between the parties concerning the basis of computation of damages' and the underlying dispute centers solely on the question of liability." *W. Air Charter, Inc. v. Schembari*, No. EDCV17420JGBKSX, 2019 WL 6998789, at *2 (C.D. Cal. Mar. 7, 2019) (quoting *Fireman's Fund Ins. Co. v. Allstate Ins. Co.*, 234 Cal. App. 3d 1154 (1991)).

Because there is no material dispute that Plaintiff performed under the EFAs and Guaranties and Defendants did not, the Court finds liability for each monthly payment was clearly ascertainable as of the date each was due. California law provides that Plaintiff's requested rate of 10% per annum is properly awarded where prejudgment interest is available based on a breach of contract action unless another rate is specified in the contract. Cal. Civ. Code § 3298(b). Thus, the court will apply a 10% per annum rate to Plaintiff's breach of contract damages, from the date of the breach of EFA to the date judgement is entered, October 21, 2025.

**EFA No. 1**: The Court finds the amount owed for remaining monthly payments under the EFA No. 1 is $91,350.00. Multiplying that amount by an interest rate of 10%, divided by 365 days per year, results in a daily rate of $25.02. ECF 15-3 ¶ 5. There are 269 days between January 25, 2025, the date of the breach, and the date of judgment, October 21, 2025. Thus, the court awards $6,730.38 in prejudgment interest as to EFA No. 1.

**EFA No. 2**: The Court finds the amount owed for remaining monthly payments under the EFA No. 2 is $62,383.50. Multiplying that amount by an interest rate of 10%, divided by 365 days per year, results in a daily rate of $17.09. ECF 15-3 ¶ 7. There are 224 days between March 11, 2025, the date of the breach, and the date of judgment, October 21, 2025. Thus, the court awards $3,828.16 in prejudgment interest as to EFA No. 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:25-cv-01307-MRA-JDE | Date | October 21, 2025 |
|---|---|---|---|
| Title | *Ameris Bank v. Magic Trans LLC et al.* | | |

**EFA No. 3**: The Court finds the amount owed for remaining monthly payments under the EFA No. 3 is $33,133.20. Multiplying that amount by an interest rate of 10%, divided by 365 days per year, results in a daily rate of $9.07. ECF 15-3 ¶ 9. There are 99 days between July 14, 2025, the date of the breach, and the date of judgment, October 21, 2025. Thus, the court awards $897.93 in prejudgment interest as to EFA No. 2.

    **3.**    ***Attorneys' Fees***

Plaintiff also requests attorneys' fees in accordance with the fee schedule set forth in the Central District of California Local Rule 55-3. Under Local Rule 55-3, a party awarded more than $100,000 may recover $5,600 in attorney fees plus 2% of the judgment amount over $100,000, so long as an "applicable statute provides for the recovery of reasonable attorneys' fees." C.D. Cal. L.R. 55-3; *see also Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1159 (9th Cir. 2018). California Civil Code § 1717 states that attorneys' fees "[i]n any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party."

The Court finds Plaintiff is the prevailing party because Plaintiff recovered "a greater relief in the action on the contract," including the compensatory damages and prejudgment interest described above. Cal. Civ. Code § 1717(a). Therefore, the Court concludes Plaintiff is entitled to attorneys' fees under California law.

As set forth in Section III.C.1, the amount owed by Defendants to Plaintiff is $186,866.70. The Court therefore awards Plaintiff $5,600 in attorneys' fees, plus 2% of the amount over $100,000, (*i.e.*, $1,737.33) for a total attorney fee award of $7,337.33. *See* L.R. 55-3; ECF 15-3 ¶ 11.

    **4.**    ***Costs***

Federal Rule of Civil Procedure 54(d) "creates a presumption in favor of awarding costs to a prevailing party." *Ass'n of Mexican-Am. Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000). Plaintiff, as the "party in whose favor judgment is entered," is the prevailing party. L.R. 54-1 (stating the prevailing party, or "the party in whose favor judgment is entered," is entitled to costs); *San Diego Police Officers' Ass'n v. San Diego City Employees' Ret. Sys.*, 568 F.3d 725, 741 (9th Cir. 2009) (citation omitted). Courts may award "taxable costs" such as: (1) fees of the clerk and marshal; (2) fees for transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for necessarily obtained exemplification and copying costs; (5) docket fees; and (6) compensation of court appointed experts and interpreters. 28 U.S.C. § 1920; *see also* L.R. 54-3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 8:25-cv-01307-MRA-JDE | Date | October 21, 2025 |
|---|---|---|---|
| Title | *Ameris Bank v. Magic Trans LLC et al.* | | |

In addition, where a statute's fee shifting provisions permit the recovery of reasonable attorney fees, the court has discretion to award non-taxable costs to the prevailing party. *See Grove v. Wells Fargo Fin. Cal., Inc.*, 606 F.3d 577, 580 (9th Cir. 2010). Although a "district court must specify reasons for its refusal to award costs," *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247 (9th Cir. 2014) (citation and quotation marks omitted), the court need not "specify reasons for its decision to abide the presumption and tax costs to the losing party," *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003).

As the party awarded default judgment and damages, Balboa is the prevailing party and thus may recover proper costs. Plaintiff requests $4,837.00 in costs, which is comprised of the $405.00 filing fee for the complaint, $2,216.00 for service of process fees for "Mattu Transport," and $2,216.00 for service of process fees for Mardari. ECF 15-3 ¶ 11. Plaintiff's counsel's declaration appears to include an erroneous reference to service of "Mattu Transport," a non-party. *Id.* Plaintiff's proofs of service reflect that Mardari and Magic Trans were served contemporaneously in a single attempt at service, so Plaintiff's claim for two separate costs of service is unsupported by the record. The Court therefore awards Plaintiff $2,621.00 in costs, representing the filing fee and one of the two claimed costs for service of process.

### IV. **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Default Judgment is **GRANTED.** The Court enters default judgment against Defendants jointly and severally in the sum of the amounts of: (1) $186,866.70 in compensatory damages, (2) $11,456.47 in prejudgment interest, (3) $7,337.33 in attorney fees, and (4) $2,621 in costs. The Court will enter judgment in accordance with this Order.

Within 3 days of the date of this Order, Plaintiff shall lodge a proposed judgment consistent with this Court's Order.

**IT IS SO ORDERED.**

|  |  |  |
|---|---|---|
|  | Initials of Deputy Clerk | mku |